No. 23-1795

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

DExCom, Inc.,

*Plaintiff-Appellant*,

v.

Abbott Diabetes Care, Inc., Abbott Diabetes Care Sales Corporation,

*Defendants-Appellees*.

Appeal from the U.S. District Court for the District of Delaware
in No. 1:22-cv-605-KAJ, Judge Kent A. Jordan

## PLAINTIFF-APPELLANT'S REPLY IN SUPPORT OF ITS
## MOTION FOR VOLUNTARY DISMISSAL

Quinn Emanuel Urquhart
& Sullivan, LLP

David Bilsker
50 California Street, 22nd Floor
San Francisco, California 94111
(415) 875-6600

William B. Adams
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000

Nathan Hamstra
191 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606
(312) 705-7400

Alex H. Loomis
111 Huntington Ave, Suite 520
Boston, MA 02199
(617)-712-7100

Valerie Lozano
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
(212) 849-7000

*Counsel for Plaintiff-Appellant*

December 18, 2023

# CERTIFICATE OF INTEREST

Counsel for DexCom, Inc., William B. Adams, certifies the following:

1.  **Represented Entities.**  Provide the full names of all entities represented by undersigned counsel in this case.  Fed. Cir. R. 47.4(a)(1).

    DexCom, Inc.

2.  **Real Party in Interest.**  Provide the full names of all real parties in interest for the entities.  Do not list the real parties if they are the same as the entities. Fed. Cir. R. 47.4(a)(2).

    None.

3.  **Parent Corporations and Stockholders.**  Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.  Fed. Cir. R. 47.4(a)(3).

    None.

4.  **Legal Representatives.**  List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities.  Do not include those who have already entered an appearance in this court.  Fed. Cir. R. 47.4(a)(4).

    **Quinn Emanuel Urquhart & Sullivan, LLP**: Brian P. Biddinger, Cary E. Adickman, David A. Nelson, Jonathon M. Studer, Kevin P.B. Johnson, Margaret Shyr, Nina Tallon, Todd M. Briggs, Zak J.W. Randell

    **Shaw Keller LLP**: Andrew Russell, Nathan Roger Hoeschen, Karen Elizabeth Keller

    **Hilgers Graben PLLC**: Theodore D. Kwong

    **Keker, Van Nest & Peters LLP**: Sophie A. Hood

5.  **Related Cases.**  Provide the case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or

be directly affected by this court's decision in the pending appeal. Do not include the originating case number(s) for this case. Fed. Cir. R. 47.4(a)(5).

None.

6. **Organizational Victims and Bankruptcy Cases.** Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

Not applicable

Dated: December 18, 2023                    */s/ William B. Adams*
                                             William B. Adams

1.     Defendants-Appellees Abbott Diabetes Care, Inc. and Abbott Diabetes Care Sales Corporation (collectively, "Abbott") do not dispute that they are asking this Court to decide this appeal, when there is no longer any controversy between the parties as to the underlying preliminary injunction, all on the hopes that this Court affirms the decision below on an alternative ground that Abbott spent less than three pages briefing and that concerns an issue that may never arise again.   Abbott's position is unreasonable and poses significant Article III problems.   Plaintiff-Appellant DexCom, Inc. told this Court, before either party had filed a brief, that the appeal would be "moot" if the *inter partes* review ("IPRs") proceedings concluded before this Court issued a decision.   ECF 6 at 2, 7.   Abbott did not disagree at the time.   *See* ECF 12.   It is thus Abbott, not DexCom, that is acting strategically in opposing dismissal.

2.     The cases Abbott cites do not support its sweeping assertion (Opp. 1) that "courts of appeals have almost uniformly denied post-argument motions to dismiss."   Instead, they stand for the unremarkable proposition that courts should deny motions for voluntary dismissal that are filed "strategic[ally]" by "institutional litigants whose continuing interest in the development in the law may transcend their immediate interest in the outcome of a particular case."   *Naruto v. Slater*, No. 16-15469, 2018 WL 3854051, *2 (9th Cir. Apr. 13, 2018) (quoting *Suntharalinkam v. Keisler*, 506 F.3d 822, 828 (9th Cir. 2007) (en banc) (Kozinski, J., dissenting from

the denial of rehearing en banc)) (both cited Opp. 1-2).  Thus, *Khouzam v. Ashcroft*, 361 F.3d 161 (2d Cir. 2004) (cited Opp. 1), denied a motion to voluntarily dismiss an appeal when the government clearly settled the case "to avoid having th[e] Court rule on" its interpretation of the Convention Against Torture.  361 F.3d at 168; *see Albers v. Eli Lilly & Co.*, 354 F.3d 644, 646 (7th Cir. 2004) (cited in Opp. 1) (denying motion to voluntarily dismiss appeal filed by an appellant who was "attempting to manipulate the formation of precedent by dismissing those proceedings that may lead to an adverse decision while pursuing others to conclusion").

3.     That of course did not happen here:  DexCom seeks dismissal of its appeal because a preliminary injunction is undisputedly no longer necessary. DexCom did not seek dismissal after argument; it filed this motion only after the IPRs concluded, because it now no longer has an "interest" in this appeal.  *Ford v. Strickland*, 696 F.2d 804, 844 n.1 (11th Cir. 1983) (en banc) (Kravitch, J., concurring in part and dissenting in part) (quoting *United States Parole Commission v. Geraghty*, 445 U.S. 388, 397 (1980)).  In fact, DexCom has *always* taken the position, before even seeing Abbott's merits response brief, that "unless this Court" issued a decision before the IPRs concluded, "the appeal will be mooted."  ECF 14 at 1; *see* ECF 6 at 1-2 ("DexCom's appeal will thus become moot unless this Court resolves this appeal well before [the IPRs issue]."); *id.* at 7 ("Unless this Court resolves this appeal before then, it will become moot.").  Had Abbott simply

stipulated to DexCom's motion to expedite, this mootness problem would not have arisen, and Abbott cannot explain away this fact (*see* Opp. 7-8). And however much Abbot tries to parse (Opp. 5) the "exact[]" phrasing of DexCom's requests, DexCom never stated that Abbott should be precluded from participating in "appeals of [IPR] rulings" before this Court. There is, as a result, there is nothing for this Court to direct the district court to enjoin, just as DexCom warned there would not be.

4.    The fact that there might have once been jurisdiction under 28 U.S.C. § 1292(a) (cited Opp. 2) or, more precisely, 28 U.S.C. § 1292(c)(1), does not mean that there is still a live dispute over whether Abbott's prosecution of now-concluded IPRs should be enjoined. To the extent that *United Parcel Service, Inc. v. U.S. Postal Service*, 615 F.2d 102 (3d Cir. 1980) (cited Opp. 2), suggests that 28 U.S.C. § 2106 (cited Opp. 2), allows this Court to grant relief on a pure legal issue when there is no longer any live dispute, it is incorrect. That statute speaks only to the relief an appellate court may issue, not jurisdiction, and "of course, … cannot confer jurisdiction in excess of Article III, from which the limitation of mootness derives." *Acheson Hotels, LLC v. Laufer*, __ S. Ct. ___, 2023 WL 8378965, *7 n.1 (Dec. 5, 2023) (Jackson, J., concurring in the judgment).

5.    Abbott accuses (Opp. 3-4) DexCom of acting strategically, even though DexCom forecasted long ago that the appeal would be mooted by conclusion of the IPRs. And Abbott bases this argument on the entirely speculative assumption that

this Court will affirm the district court's order on the alternative ground that the forum-selection clause did not bar its IPRs. Because the IPRs have concluded, DexCom no longer challenges the district court's conclusion that the irreparable harm, balance of equities, and public interest disfavor a preliminary injunction at this time. Because these issues are presently uncontested, there would be no reason for this Court to reach the forum-selection clause as an alternative ground for affirmance. These are facts, not "revisionist history" (Opp. 5), and they distinguish this case from *Thornburgh v. American College of Obstetricians & Gynecologists*, 476 U.S. 747 (1986) (cited Opp. 3, 7), and *United Parcel Service*, 615 F.2d 102, which allowed for review of a question of law that was "intimately related to the merits of the grant of preliminary injunctive relief," *id.* at 107, not a legal ground that the district court did not reach in denying a preliminary injunction and that the parties' opening briefs barely addressed. *See also Thornburgh*, 476 U.S. at 757 ("[I]f *a district court's ruling* rests solely on a premise as to the applicable rule of law, … *that ruling* may be reviewed even though the appeal is from the entry of a preliminary injunction.") (emphases added).

6.    Abbott suggests that the Court should decide this appeal based on the alternative forum-selection clause ground to forestall hypothetical future litigation. Abbott states (Opp. 3) that "DexCom has warned that it may seek to enjoin Abbott from proceeding with other IPRs," but that is plainly not true. The very passage

Abbott cites states: "DexCom is not willing to agree, however, that it will never seek to enjoin Abbott from proceeding with IPRs in the future involving any 'allegedly licensed patents' as this is overbroad and not specific to any existing proceedings between the parties." ECF 46-2 at 1. Abbott is manufacturing a dispute here, plain and simple.

7.    Abbott also gets the law wrong here. Courts do not keep moot cases alive in the *hopes* of preventing relitigation of future disputes on different procedural postures that may never arise. Indeed, a "lower court judgment" should "normally" be "vacate[d] … in a moot case [precisely] because doing so clears the path for future relitigation of the issues between the parties," *Alvarez v. Smith*, 558 U.S. 87, 94 (2009) (citation and quotation marks omitted), at least in cases when "the mootness arises from external causes over which the parties have no control," *Tafas v. Kappos*, 586 F.3d 1369, 1371 (Fed. Cir. 2009). *See, e.g.*, *FLFMC, LLC v. Wham-O, Inc.*, 444 F. App'x 447, 448 (Fed. Cir. 2011) (vacating district court judgment when case was mooted by statutory amendments).

8.    Nor is the scope of the forum-selection clause in the parties' licensing agreement "an issue of public importance," *Khouzam*, 361 F.3d at 168, or one that "repeatedly arise[s]," *Ford*, 696 F.2d at 807 (en banc) (per curiam) (cited Opp. 1) (denying a motion to dismiss as untimely, without substantive explanation, of "several important issues" affecting "capital cases"). Abbott does not contend

otherwise. The interpretation of the forum-selection clause, moreover, turns on Delaware law, not patent law, further counseling against a decision by this Court at this juncture.

9.    Finally, Abbott quotes DexCom out of context in saying (Opp. 5) "this appeal turns largely on the proper interpretation of the forum selection clause" (quoting ECF 26 at 4). Abbott omits the very next sentence in DexCom's merits reply brief: The appeal turned on the forum-selection clause at the time because "this Court has always found the irreparable-harm, balance-of-hardships, and public-interest factors to favor a preliminary anti-suit injunction whenever a forum selection clause precludes the challenged action." ECF 26 at 4. Those factors no longer favor relief here, though, regardless of the interpretation of the forum section clause, because the IPRs are concluded. DexCom faces no irreparable harm, and the balance of equities and public interest no longer favor issuing an injunction that is not necessary.

10.    DexCom accordingly respectfully requests that this Court dismiss its appeal under Fed. R. App. 42(b)(2), with each party to bear its own costs.

Dated:  December 18, 2023

David Bilsker
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, California 94111
(415) 875-6600

Nathan Hamstra
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606
(312) 705-7400

Respectfully submitted,

*/s/ William B. Adams*
William B. Adams
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000

Alex H. Loomis
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
111 Huntington Ave, Suite 520
Boston, MA 02199
(617)-712-7100

Valerie Lozano
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
(212) 849-7000

*Counsel for Plaintiff-Appellant, DexCom, Inc.*

**CERTIFICATE OF COMPLIANCE**

This motion complies with the word limit set forth in Fed. R. App. Pr. 27(d) because this motion contains 1,469 words.

This motion complies with the typeface requirements of Fed. R. App. Pr. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 365 in 14-point Times New Roman font.

December 18, 2023                    */s/ William B. Adams*
                                    William B. Adams

## CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2023, I electronically filed the foregoing Reply using the Court's CM/ECF system, which will send notifications to all counsel registered to receive electronic notices.

*/s/ William B. Adams*
William B. Adams